Case 2:18-cv-06125-AYS   Document 1   Filed 11/01/18   Page 1 of 9 PageID #: 1

Peter A. Romero, Esq.
LAW OFFICE OF PETER A. ROMERO PLLC
825 Veterans Highway, Suite B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AUGUSTO JAVIER ROJAS, on behalf of himself
and all other persons similarly situated,

                Plaintiffs,                              **COMPLAINT**

    -against-

CARIBBEAN CLEAR OF NASSAU, INC. and
PAULA S. MAYNARD,

                Defendants.
-----------------------------------------------------------------------X

Plaintiff, AUGUSTO JAVIER ROJAS ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, allege as follows:

**NATURE OF THE CLAIM**

1. This action is brought on behalf of Plaintiff and a putative class of individuals who provided labor for Defendants, CARIBBEAN CLEAR OF NASSAU, INC. ("CARIBBEAN CLEAR") and its principal owner, PAULA S. MAYNARD (collectively "Defendants") to recover unpaid overtime wages pursuant to federal and state statutes.

2. Plaintiff brings this action to recover unpaid premium overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), and the New York Labor Law

1

Articles 6 and 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("NYLL").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391

## THE PARTIES

6. At all times relevant to the complaint, Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and New York State Labor Law §190(2).

7. Plaintiff was employed by the Defendants from in or about 2013 until in or about November 2017.

8. Defendant, CARIBBEAN CLEAR, is a domestic business corporation with offices at 29 Audrey Avenue, Oyster Bay, New York 11771.

9. At all relevant times, CARIBBEAN CLEAR, was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

10. At all times relevant, Defendant, CARIBBEAN CLEAR, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), and New York State Labor Law §190(3).

11. Defendant, PAULA S. MAYNARD, is and/or was an officer or owner of CARIBBEAN CLEAR, had authority to make payroll and personnel decisions for CARIBBEAN CLEAR, was active in the day to day management of the corporate defendants, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, and is liable to Plaintiff as an "employer" within the meaning of federal and state law for the unpaid wages he seeks to recover.

## FACTS

12. Defendant, CARIBBEAN CLEAR, is engaged the pool and spa maintenance, renovation and repair business. Plaintiff provided manual labor for Defendant.

13. Throughout his employment with CARIBBEAN CLEAR, Plaintiff regularly worked in excess of 40 hours per week.

14. Plaintiff regularly worked Monday through Saturday, 6 days per week. He began work each workday between 7:00 a.m. and 7:30 a.m. The time that Plaintiff finished work varied each day, as did the number of hours that Plaintiff worked each week. Plaintiff worked until at least 6:00 p.m. and often did not finish work until 7:00 p.m. or later.

15. By way of example, during the period June 16, 2017 to June 22, 2017, Plaintiff worked more than 80 hours: On June 16, 2017, Plaintiff began work at 7:00 a.m. and worked until 8:00 p.m.; on June 17, 2017, Plaintiff began work at 7:10 a.m. and worked until 6:00 p.m.; on June 19, 2017, Plaintiff began work at 7:18 a.m. and worked until 6:20 p.m.; on June 20, 2017, Plaintiff began work at 7:15 a.m. and worked until 9:14 p.m.; on June 21, 2017, Plaintiff began work at 7:10 a.m. and worked until 9:07 p.m.; and on June 22, 2017, Plaintiff began work at 7:03 a.m. and worked until 9:20 p.m.

16. Defendants failed to pay Plaintiff premium overtime compensation for the hours that Plaintiff worked after 40 hours in a workweek. Instead, Defendants paid Plaintiff for all hours worked, including those hours worked after 40 hours per workweek, at Plaintiff's regular hourly rate of $15.00.

17. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the actual hours worked by Plaintiff daily and weekly.

18. Defendants failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195(1).

19. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period that set forth his regular rate of pay, overtime rate of pay, and number of hours worked.

20. On November 3, 2017, Defendants unlawfully discharged Plaintiff in violation of N.Y. Lab. Law §215 because he made a complaint regarding Defendants' violation of Article 6.

## COLLECTIVE ACTION ALLEGATIONS

21. At all times relevant, Plaintiffs and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

22. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in in bringing this action.

23. Plaintiff seeks to proceed as a collective action with regard to the First Claim and Second Claim for Relief, pursuant to 29 U.S.C. §216(b) on behalf of himself and the following similarly situated employees:

> All non-exempt persons who are currently, or have been employed by the Defendants, at any time during the three (3) years prior to the filing of their respective consent forms.

24. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

25. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

27. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

28. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

29. As a result of Defendants' unlawful acts, Plaintiff and persons similarly situated to Plaintiff are entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## LABOR LAW UNPAID OVERTIME WAGES

30. Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

31. Defendants employed Plaintiff for workweeks longer than forty (40) hours and failed to compensate the Plaintiff for hours worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of New York Labor Law.

32. By Defendants' failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per week, Defendants violated the New York Labor Law Article 19, §650 et seq., and the supporting Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

33. Defendants' violations of the New York Labor Law as described in this Complaint have been willful and intentional.

34. Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendants unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF NYLL § 195(1)

35. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of the rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Labor Law §195(1). Due to Defendant's failure to provide Plaintiff with the notice required by Section 195 of the Labor Law, Plaintiff is entitled to damages.

## FOURTH CLAIM FOR RELIEF
## VIOLATION OF NYLL § 195(3)

37. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

38. Defendants failed to provide Plaintiff with a statement of wages each pay period setting forth the regular rate of pay, overtime rate of pay, number of hours worked and other information required by Section 195 of the Labor Law. Due to Defendant's failure to provide Plaintiff with the wage statement required by Section 195 of the Labor Law, Plaintiff is entitled to damages.

## FIFTH CLAIM FOR RELIEF
## VIOLATION OF NYLL § 215

39. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

40. Defendants unlawfully discharged Plaintiff in violation of NYLL § 215 because he filed a complaint alleging that Defendants violated the New York Labor Law. Due to Defendants' violation of NYLL § 215.

41. Notice of this action shall be served upon the attorney general.

42. Defendants are liable to Plaintiff for lost wages, liquidated damages up to $20,000, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i) Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii) Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(iii) Unpaid wages pursuant to NYLL §650 et seq., and Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

(iv) Damages for violations of NYLL §§ 195 (1) and (3);

(v) Damages for violation of NYLL § 215;

(vi) All attorneys' fees and costs incurred in prosecuting these claims; and

(vii) Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
November 1, 2018

LAW OFFICE OF PETER A. ROMERO PLLC

By: /s/ Peter A. Romero

Peter A. Romero, Esq.
825 Veterans Highway, Suite B
Hauppauge, New York 11788
(631) 257-5588
Promero@RomeroLawNY.com

*Attorney for Plaintiffs*

8

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Caribbean Clear to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in my native language of Spanish.

_____         10/31/2018
Augusto Javier Rojas                                      Date