UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AUGUSTO JAVIER ROJAS, on behalf of himself
and all other persons similarly situated,

                              Plaintiff,                    18-CV-06125 (DRH) (AYS)

   -against-                                              **ANSWER**

CARIBBEAN CLEAR OF NASSAU, INC. and
PAULA S. MAYNARD,

                              Defendants.
-------------------------------------------------------------------X

       Defendants Caribbean Clear of Nassau, Inc. ("Caribbean Clear") and Paula S. Maynard ("Maynard") (together, "Defendants"), by their counsel, Kaufman Dolowich & Voluck, LLP, as and for their Answer to the complaint (the "Complaint") filed by plaintiff Augusto Javier Rojas ("Plaintiff"), on behalf of himself and other persons similarly situated, as and for their Answer to the Complaint, set forth the following:

### DEFENDANTS' RESPONSE TO SECTION OF COMPLAINT ENTITLED "NATURE OF THE CLAIM"

1.    Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.    Defendants deny the allegations contained in Paragraph 2 of the Complaint.

### DEFENDANTS' RESPONSE TO SECTION OF COMPLAINT ENTITLED "JURISDICTION AND VENUE"

3.    Defendants neither admit nor deny the allegations contained in Paragraph 3 of the Complaint as they consist of legal conclusions to which no response is required.

4.    Defendants neither admit nor deny the allegations contained in Paragraph 4 of the Complaint as they consist of legal conclusions to which no response is required.

5. Defendants neither admit nor deny the allegations contained in Paragraph 5 of the Complaint as they consist of legal conclusions to which no response is required.

### DEFENDANTS' RESPONSE TO SECTION OF COMPLAINT ENTITLED "THE PARTIES"

6. Defendants neither admit nor deny the allegations contained in Paragraph 6 of the Complaint as they consist of legal conclusions to which no response is required.

7. Deny the allegations contained in Paragraph 7 of the Complaint, except to admit that Plaintiff was employed by Caribbean Clear during portions of the period identified therein.

8. Admit the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants neither admit nor deny the allegations contained in Paragraph 10 of the Complaint as they consist of legal conclusions to which no response is required.

11. Deny the allegations contained in Paragraph 11 of the Complaint to the extent they consist of legal conclusions to which no response is required, and otherwise deny the allegations contained therein.

### DEFENDANTS' RESPONSE TO SECTION OF COMPLAINT ENTITLED "FACTS"

12. Deny the allegations contained in Paragraph 12 of the Complaint, except to admit that the services Caribbean Clear provides to its customers include pool maintenance, repair, and renovation.

13. Deny the allegations contained in Paragraph 13 of the Complaint.

14. Deny the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint to the extent they consist of legal conclusions to which no response is required, and otherwise deny the allegations contained therein.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

## DEFENDANTS' RESPONSE TO
## FIRST CLAIM FOR RELIEF

25. Defendants repeat and re-allege each and every response contained in Paragraphs 1 through 24 above, as if fully set forth herein.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## DEFENDANTS' RESPONSE TO
## SECOND CLAIM FOR RELIEF

30. Defendants repeat and re-allege each and every response contained in Paragraphs 1 through 29 above, as if fully set forth herein.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

### DEFENDANTS' RESPONSE TO THIRD CLAIM FOR RELIEF

35. Defendants repeat and re-allege each and every response contained in Paragraphs 1 through 34 above, as if fully set forth herein.

36. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

### DEFENDANTS' RESPONSE TO FOURTH CLAIM FOR RELIEF

37. Defendants repeat and re-allege each and every response contained in Paragraphs 1 through 36 above, as if fully set forth herein.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

### DEFENDANTS' RESPONSE TO THIRD CLAIM FOR RELIEF

39. Defendants repeat and re-allege each and every response contained in Paragraphs 1 through 38 above, as if fully set forth herein.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

### STATEMENT OF AFFIRMATIVE DEFENSES

43. Defendants reserve the right to plead additional separate and affirmative defense, which may be ascertained during the course of discovery in this action or otherwise. Defendants

4

assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

### DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

44. The Compliant fails to state a claim upon which relief may be granted.

### DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

45. To the extent that Defendants' actions taken in connection with Plaintiff's compensation were taken in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor or New York Department of Labor, Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. §§ 258 and 259.

### DEFENDANTS' THIRD AFFIRMATIVE DEFENSE

46. To the extent that any acts or omissions giving rise to this action were taken in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act ("FLSA") or New York Labor Law ("NYLL"), Plaintiff s claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260 and/or the provisions of NYLL § 198.

### DEFENDANTS' FOURTH AFFIRMATIVE DEFENSE

47. Defendants, at all times, acted in good faith to comply with the FLSA and NYLL and with reasonable grounds to believe that its actions did not violate the FLSA or NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA or NYLL as a defense to any claim by Plaintiff for liquidated damages.

## DEFENDANTS' FIFTH AFFIRMATIVE DEFENSE

70. Plaintiff's claims are barred in whole or in part to the extent that the work she performed falls within exemptions, exclusions, exceptions, offsets or credits permissible under the FLSA or NYLL, including but not limited to those provided for in 29 U.S.C. §§ 207, 213, and its state law equivalents.

## DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE

71. To the extent applicable, Plaintiff's claims are barred by the doctrines of waiver, unclean hands, estoppel, and/or laches.

## DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE

72. Even if Defendants, in fact, failed to pay Plaintiff appropriately for any of the activities alleged in the Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or other applicable state laws, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiff's principal activities of employment, they are not compensable.

## AS AND FOR DEFENDANTS' EIGHTH AFFIRMATIVE DEFENSE

73. Plaintiff's claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities which were preliminary or postliminary to his principal activities or incidental to them.

## AS AND FOR DEFENDANTS' NINTH AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred in whole or in part by the dotrine of de minimis non curat lex.

6

### AS AND FOR DEFENDANTS' TENTH AFFIRMATIVE DEFENSE

75. Supplemental or pendant jurisdiction should not be exercised over Plaintiff's NYLL Claims.

### DEFENDANTS' ELEVENTH AFFIRMATIVE DEFENSE

76. Defendants have not willfully failed to pay Plaintiff any wages and/or monies claimed to be due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.

### DEFENDANTS' TWELFTH AFFIRMATIVE DEFENSE

77. Plaintiff is not entitled to an award of prejudgment interest should she prevail or any or all of the stated claims.

### DEFENDANTS' THIRTEENTH AFFIRMATIVE DEFENSE

80. The individual Defendants named in this action was not Plaintiff's employer within the meaning of the FLSA or NYLL.

### DEFENDANTS' FOURTEENTH AFFIRMATIVE DEFENSE

81. To the extent that discovery reveals that Plaintiff falsely reported her hours, and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to her hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by Plaintiff.

## DEFENDANTS' FIFTEENTH AFFIRMATIVE DEFENSE

82. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

## DEFENDANTS' SIXTEENTH AFFIRMATIVE DEFENSE

83. Plaintiff's Complaint is deficient and must be dismissed to the extent Plaintiff has failed to fulfill jurisdictional or statutory prerequisites to suit.

## DEFENDANTS' SEVENTEENTH AFFIRMATIVE DEFENSE

85. Assuming *arguendo* that Plaintiff is entitled to recover additional compensation for himself, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiff are appropriately limited thereby.

**WHEREFORE,** Defendants Caribbean Clear and Maynard request that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
January 7, 2018

KAUFMAN DOLOWICH & VOLUCK, LLP
Attorneys for Defendants

*Lisa Skruck*

Keith J. Gutstein
Lisa Skruck
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

4836-9499-9172, v. 1

8